GENEROSO MARTÍNEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

Núm. 190.—*Sometido:* Enero 20, 1940. *Resuelto:* Enero 25, 1940.

*J. Pedro Miranda*, abogado del recurrente. *M. León Parra*, abogado de la demandada; *Miguel A. Muñoz*, abogado de los beneficiarios.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Generoso Martínez, por medio de su abogado, presentó en enero 19 actual en la Secretaría de esta Corte

Suprema, un escrito interponiendo recurso de revisión contra una resolución de la Comisión Industrial dictada en diciembre 20, 1939, en el caso núm. C.I. 6394, Santiago Rivera Ortiz, Obrero. Generoso Martínez, Patrono. No asegurado.

En el escrito se expone que con fecha enero 5, 1940, la Comisión Industrial desestimó una moción de reconsideración que le presentara el recurrente y al escrito se acompañan copias de las resoluciones de la Comisión de diciembre 20, 1939, y enero 5, 1940.

Leyendo la última de dichas resoluciones encontramos que en ella se dice:

"No creemos que hayamos cometido error en la apreciación de la prueba ni en la interpretación de la Ley 45 de abril 18 de 1935 al resolver este caso, y no encontramos fundamento alguno en la moción de reconsideración para reconsiderar nuestra resolución. De acuerdo con el artículo 9 de la Ley 45 de abril 18 de 1935 una petición de reconsideración deberá presentarse dentro de los 10 días a contar de la fecha en que el interesado reciba la notificación de la decisión de la Comisión. Habiéndose resuelto por la Comisión Industrial el caso en diciembre 20 de 1939 y habiendo sido notificadas las partes con copia de nuestra resolución en esa misma fecha, y solicitando el abogado del patrono la reconsideración de dicha resolución en enero 4 de 1940 parece que han transcurrido más de los 10 días que dispone la ley, a nuestro juicio la acción para una reconsideración ha prescrito. Pero además de este hecho no encontramos fundamento alguno para reconsiderar nuestra resolución por cuanto en ella se hizo, como hemos dicho anteriormente, un amplio estudio de las cuestiones de hecho y de derecho planteadas por las partes.

"Por las razones expuestas la Comisión Industrial resuelve que no ha lugar a la reconsideración solicitada por el abogado del patrono y sostiene su resolución de diciembre 20 de 1939."

Siendo esos los hechos, es claro que no tenemos jurisdicción para conocer del recurso, ya que éste se interpuso fuera del término autorizado por la ley.

En efecto, el artículo 11 de la Ley núm. 45 de abril 18, 1935 (Leyes de 1935, (1) pág. 251), que es la aplicable, prescribe que cualquier parte interesada podrá solicitar la revisión ante esta Corte Suprema de una orden o decisión de la Comi-

sión Industrial "dentro del .término de quince días después de su notificación." Y aquí la resolución cuya revisión se pide se dictó y notificó el veinte de diciembre de 1939 sin que el recurso se interpusiera hasta el 19 de enero de 1940, o sea cuando ya había vencido con exceso el indicado término.

 Se dirá que éste debe calcularse no a partir del 20 de diciembre de 1939 si que a partir del 5 de enero de 1940 en que se declaró no haber lugar a la reconsideración, en cuyo caso se estaría en tiempo.

Ello sería así si la reconsideración se hubiera pedido a su vez dentro del término de ley, pero habiéndose solicitado fuera de él, es como si no existiera, siendo necesario ir a la primera fecha para computar el término para la revisión.

Parece oportuno aclarar que no es el artículo 9 de la ley, si que el 10 de la misma el que fija el término para la reconsideración, haciéndolo como sigue: ". . . *Disponiéndose,* que la Comisión podrá *motu proprio,* o a solicitud de parte interesada, reconsiderar sus decisiones; *Y disponiéndose, además,* que en este último caso la petición de reconsideración deberá presentarse dentro de los diez días a contar de la fecha en que el interesado reciba la notificación de la decisión de la Comisión."

*Debe desestimarse, pues, el recurso por falta de jurisdicción.*